## FRANK v. BROWN.

1. APPEAL AND ERROR—MORTGAGES—FORECLOSURE—SUPREME COURT CONFINED TO RECORD BEFORE IT.

On appeal from decree in suit for cancellation of assignment of mortgage which was being foreclosed, Supreme Court is confined to record before it.

2. CANCELLATION OF INSTRUMENTS—ASSIGNMENT OF MORTGAGE—FOXES—ACCEPTANCE.

Assignment of mortgage which was part of purchase price of pair of foxes sold to assignor may not be canceled on ground that foxes were undersized and sickly and not in accordance with contract, where, after being seen, they were accepted without complaint.

3. Fraud—Foxes—Statement of Fact.

Representation that pair of foxes would double in money value in year is not in its nature such statement of fact as to form basis of fraud as against probability of their dying within year.

4. Cancellation of Instruments—Assignment of Mortgage—Fraud—Purchaser in Due Course.

Assignee of mortgage who purchased for valuable consideration and without notice of any claim of fraud or defense will be protected against cancellation to extent of his *bona fide* investment.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted June 3, 1931. (Docket No. 72, Calendar No. 35,582.) Decided October 5, 1931.

Bill by Leo Frank against Stanley A. Brown and others to foreclose a mortgage. Josie Provost intervened to cancel an assignment of said mortgage. Decree for intervener. Plaintiff appeals. Reversed, and decree entered for plaintiff.

*Robert J. West,* for plaintiff.

*Wm. H. Burgess,* for defendants.

Fead, J. This is a bill to foreclose a real estate mortgage given to secure a note for $1,100, due April 1, 1913, running from defendant Mary E. Dickinson to Albert E. Sleeper, assigned by him to intervener, Josie Provost, in 1914, by her to R. J. Wilson in November, 1924, by him to John A. Lee immediately thereafter, and by Lee to plaintiff October 30, 1925. Defendants Brown are subsequent purchasers of the land.

Intervener filed a cross-bill for cancellation of the assignment from her to Wilson and to require plaintiff to deliver up the mortgage but did not make

Wilson a party to the suit. She had decree. The propriety of the cross-bill on intervention and non-joinder of parties is not questioned.

Wilson had a fox farm and sold a pair of foxes to Mrs. Provost and her husband for $1,500. They paid $200 in cash, gave him a note for $403, and Mrs. Provost assigned the mortgage, on which $1,000 was due, to cover the purchase price and some future care of the foxes. Wilson bought the foxes from Lee and received them in December. With many others they died in February from a contagious disease or lack of care.

The case was heard immediately following trial of suit on the $403 note. It may be, as suggested by counsel, that this procedure resulted in failure to return all the pertinent testimony upon which the chancellor based his findings, but we are confined to the record before us.

Intervener claims the foxes were not in accordance with the contract but were undersized and sickly when received by Wilson. The record does not sustain the claim. Moreover, Provost saw them shortly after they arrived, made no complaint of them, nor attempt to rescind or reject, and must be deemed to have accepted them.

The principal claim is fraud, that Wilson represented that the foxes would double in value in money in a year. This representation, if made, may have been an opinion, a promise, warranty, or contract, but in its nature could not be a statement of fact and form a basis of fraud as against the possibility of their dying within a year.

Moreover, although intervener and her husband say they discovered the alleged fraud in April, 1924, they made no complaint to Wilson, no demand for rescission or return of the instruments, nor did they

take any legal action prior to this suit, which was commenced November 30, 1926, after plaintiff had purchased the mortgage. The testimony is undisputed that plaintiff purchased the mortgage for a valuable consideration and without notice of any claim of fraud or defense. Such a purchaser will be protected against cancellation to the extent of his *bona fide* investment. 9 C. J. p. 1222; *Jones v. Titus,* 208 Mich. 392; *Reich* v. *Schmidt,* 242 Mich. 130; *Kuczewski* v. *DeMagnussun,* 242 Mich. 296 (57 A. L. R. 756).

The decree is reversed, and plaintiff will have decree of foreclosure, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.